UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

NRG2, LLC,                                          CASE NO.: 8:22-CV-80

    Plaintiff,

vs.

ISLAND ROOFING AND RESTORATION, LLC
f/k/a ISLAND ROOFING LLC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, NRG2 LLC, sues Defendant, Island Roofing and Restoration, LLC f/k/a Island Roofing LLC, for damages as follows:

### *Introduction*

1.    This is an action by Plaintiff, NRG2 LLC, to recover the commission it earned while working for Defendant, Island Roofing and Restoration, LLC f/k/a Island Roofing LLC.

### *Parties, Jurisdiction, and Venue*

2.    **Plaintiff, NRG2 LLC**, is a for profit Oklahoma limited liability corporation that is authorized to conduct and that conducted business in Florida, and it is *sui juris*.

3.    **Defendant, Island Roofing and Restoration, LLC**, is a for profit Florida limited liability corporation that is *sui juris* and has operated its business

here, in Naples, Collier County, Florida, at all times material. Defendant previously operated its business as Island Roofing, LLC.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this District, and because most if not all of Defendant's operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332, because Plaintiff is a foreign corporation, because the Defendant corporation is a resident of this District, and because the amount in controversy exceeds $200,000.00, exclusive of costs, interest, or attorneys' fees.

6. Venue is appropriate because all of the actions and/or decisions relevant to Plaintiff's claims occurred within this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

*Common Background Factual Allegations*

8. Plaintiff's owner and principal, Clinton Gagnon, met with Josh Martin, a principal and owner of Defendant, to discuss working as an estimator for Defendant.

9. Defendant agreed to hire Mr. Gagnon but required him to open a corporation to do so.

10. Mr. Gagnon complied when he opened NRG2, LLC.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

11. NRG2, LLC then contracted to work as an estimator for Defendant. (Exhibit "A".)

12. Defendant provides residential and commercial roofing services in Southwest Florida in connection with constructing new roofs, performing roof replacements, performing roof repairs, and in providing estimates for use by insurance companies after named windstorm damage.

13. Defendant contracted for Plaintiff to find commercial properties to hire Defendant to perform roofing services.

14. Defendant agreed to pay Plaintiff a commission of 40% of the gross net amount of the roof price, overhead, and profit awarded by the applicable insurance companies

15. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

16. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – BREACH OF CONTRACT

Plaintiff, NRG2, LLC, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

17. Plaintiff performed under its contract with Defendant (appended hereto as Exhibit "A") by procuring sales from the following properties:

    a. The Colonies at Berkshire Lakes Condominium Association, Inc. ("Berkshire");

3

      b.      Enclave At Naples Condominium Association, Inc. ("The Enclave"); and

      c.      Sterling Greens I Condominium Association, Inc. ("Sterling Greens").

18.    Defendant performed roofing services pursuant to the above-referenced contracts procured by Plaintiff.

19.    Defendant received payment from and/or on behalf of Berkshire, The Enclave, and Sterling Greens for the roofing work it performed.

20.    Defendant paid Plaintiff part of the commissions it earned in connection with Sterling Greens on January 21, 2021, but Defendant failed to pay the entirety of the commission owed to Plaintiff by improperly retaining $60,000 from the commission payment.

21.    Defendant also failed and refused to pay Plaintiff the entirety of the commissions earned by Plaintiff in connection with the roofing work performed for/at Berkshire, The Enclave, and Sterling Greens.

22.    As a direct and proximate result of Defendant's breach(es) of the contract appended hereto as Exhibit "A", Plaintiff suffered damages exceeding $200,000.

WHEREFORE Plaintiff, NRG2, LLC, demands the entry of a judgment in its favor and against Defendant, Island Roofing and Restoration, LLC f/k/a Island Roofing LLC, after trial by jury for its resultant breach of contract damages in the form of the commissions earned, all interest allowed by law, attorneys' fees

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

pursuant to the parties' contract appended hereto as Exhibit "A", and such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff, NRG2, LLC, reincorporates and re-alleges paragraphs 1 through 15 as though set forth fully herein and further alleges as follows:

23. Plaintiff performed under its contract with Defendant (appended hereto as Exhibit "A") by procuring sales from the following properties:

    a. The Colonies at Berkshire Lakes Condominium Association, Inc. ("Berkshire");

    b. Enclave At Naples Condominium Association, Inc. ("The Enclave"); and

    c. Sterling Greens I Condominium Association, Inc. ("Sterling Greens").

24. Defendant performed roofing services pursuant to the above-referenced contracts procured by Plaintiff.

25. Defendant had a contractual duty / covenant to protect the reasonable expectations of the contracting parties in light of their express agreement.

26. Application of the covenant of good faith and fair dealing to Defendant's contractual duties to Plaintiff would not contravene the express terms of the parties' contract appended hereto as Exhibit "A".

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

27.     Defendant had an obligation to allow Plaintiff to perform its duties, and in good faith, to not interfere with Plaintiff's ability to perform its contractual obligations, with Plaintiff's access to Acculynx, and to not require Plaintiff to perform duties above and beyond those contractually required of it to receive the commissions owed to it.

28.     Defendant did not discharge its obligations in good faith, and instead breached its obligations, when it sought to require Plaintiff to perform extra-contractual duties, when it removed Plaintiff's access to Acculynx, and when it precluded him from continuing to work and/or perform any additional services required for Berkshire and/or The Enclave due to no dereliction of duty by Plaintiff.

29.     Defendant has since received payment from and/or on behalf of Berkshire, The Enclave, and Sterling Greens for the roofing work it performed.

30.     Defendant failed and refused to pay Plaintiff the entirety of the commissions earned by Plaintiff in connection with the roofing work performed for/at Berkshire, The Enclave, and Sterling Greens.

31.     As a direct and proximate result of Defendant's breach(es) of the contract appended hereto as Exhibit "A", Plaintiff suffered damages exceeding $200,000.

WHEREFORE Plaintiff, NRG2, LLC, demands the entry of a judgment in its favor and against Defendant, Island Roofing and Restoration, LLC f/k/a Island Roofing LLC, after trial by jury for its resultant breach of contract damages in the

6

form of the commissions earned, all interest allowed by law, attorneys' fees pursuant to the parties' contract appended hereto as Exhibit "A", and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, NRG2, LLC, demands a trial by jury of all issues so triable.

Dated this 7th day of February 2022.

Respectfully Submitted,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com